THOMAS DICKSON, plaintiff in error, *vs.* GREEN THURMOND, defendant in error.

Where a justice of the peace, in issuing an attachment, neglects to add to his signature words or letters denoting his office, they may be added on motion, after proving that such officer was duly authorized to issue attachments, that he had signed in his official capacity, and had omitted the words of office accidentally.

Attachments. Amendment. Practice in the Superior Court. Before Judge HILL.  Crawford Superior Court.  March Term, 1876.

Reported in the decision.

A. L. MILLER; B. M. DAVIS; M. D. STROUD, for plaintiff in error.

BACON & RUTHERFORD, for defendant.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case that Dickson, the plaintiff, made an affidavit before T. A. Grace, J. P., for the purpose of obtaining an attachment against Thurmond, the defendant, but in issuing the attachment the name of T. A. Grace only was signed to it, the letters J. P. being omitted from his signature. The plaintiff made a motion before the court to amend the attachment by allowing the said T. A. Grace, who was then in court, to put the letters J. P. to his signature to the attachment, on proving that said Grace was a lawful acting justice of the peace in and for the county, and as such had signed said attachment, and by oversight, or negligence, had failed to add the letters J. P. to his signature. The court refused to allow the proof, or the amendment to be made, and dismissed the attachment, whereupon the plaintiff excepted.

This case comes within the ruling of this court in *Veal, administrator, vs. Perkerson,* 47 *Georgia Reports,* 92, and is controlled by it.

Let the judgment of the court below be reversed.